## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| **JUANITA HOGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:08-CV-00122-WRW** |
| **v.** | ) | |
| | ) | |
| **BG EXCELSIOR LIMITED** | ) | |
| **PARTNERSHIP d/b/a** | ) | |
| **THE PEABODY LITTLE ROCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff Juanita Hogan has requested that Defendant BG Excelsior Limited Partnership d/b/a The Peabody Little Rock (hereinafter "Defendant"), reveal certain information and produce certain documents in response to discovery requests, and Defendant contends certain of that information and/or those documents are confidential, in whole or in part, because they concern or contain personal information, proprietary information or competitively sensitive information, confidential business information, or information which is otherwise confidential; and

WHEREAS, Defendant wishes to protect the confidentiality of such information and documents and good cause exists for entry of the following Agreed Protective Order;

NOW, THEREFORE, the parties hereto, through their respective counsel, hereby agree as follows:

1.    Defendant shall have the right to designate information and/or documents it produces in response to Plaintiff's discovery requests as subject to the provisions of this order by affixing a label on each copy of the document produced identifying it as "confidential." Copies of

2625521.1

documents identified as "confidential" shall be subject to this Agreed Protective Order to the same degree as the original documents.

2.     All such information or documents produced in response to Plaintiff's discovery requests and designated "confidential" and the information embodied therein shall, in the absence of court order to the contrary, be securely maintained and kept confidential in accordance with the terms of this Agreed Protective Order by the parties hereto.

3.     Documents designated by Defendant as confidential, and the information embodied therein, may be disclosed to and discussed with counsel of record for any party to this lawsuit, their regularly employed clerks, legal assistants, and secretaries; any party to this lawsuit; any expert or consultant retained by counsel of record for a party to this lawsuit whose technical advice and consultation has been requested for use in connection with this lawsuit; and any other person designated by agreement of the parties to this lawsuit or designated by further order of said Court. Disclosure to any other person in the absence of written stipulation signed by the Defendant, or its authorized representative, or order of the Court expressly permitting further disclosure, is prohibited.  Under no circumstances, other than written stipulation signed by the Defendant, or its authorized representative, or order of the Court expressly providing otherwise, shall confidential information provided to Plaintiff by Defendant pursuant to the terms of this Order be disclosed by Plaintiff, or by anyone to whom Plaintiff makes disclosure in accordance with the terms of this order, to any other person.

4.     Any person to whom documents or information is disclosed under paragraph 3 hereof shall be apprised of the terms of this Agreed Protective Order and acknowledge the obligation to comply with the terms hereof by executing an acknowledgment in the form of Exhibit A attached hereto.

5.     If any documents, material, or information designated as confidential are presented or are the subject of inquiry at a deposition, that portion of the deposition which may reveal such matter or its contents shall be conducted so that only those persons authorized under this order to have access to such materials shall be present, and upon request of the Defendant made on the

2625521.1

record of said deposition, the transcript of that portion of the deposition shall be considered and treated as a confidential document subject to the protection of this Order. If the witness whose deposition is being taken is not among those persons authorized under this Order to have access to documents, material and information designated as confidential, then Defendant shall have the right to prevent the disclosure of such matter to the witness unless specific relief from this Order has been obtained by written stipulation of the parties or appropriate order of the Court.

6.      If any party deems it necessary to file documents designated as confidential pursuant to the terms of this Order with the Court then said document shall be placed in a sealed envelope labeled as "under seal" pursuant to the terms of this Order and said document shall remain under seal to be opened only by the Court.

7.      Within 60 days after the final determination of this lawsuit, Plaintiff, and any other party in possession of documents produced subject to the terms of this Order, shall assemble and return all documents designated as confidential by Defendant to Plaintiff or verify in writing to Defendant that all such documents have been destroyed.

8.      It is expressly understood by all parties hereto that this stipulation shall be entered as an order of the Court with same solemnity, force, and effect as an order entered after a motion and hearing.

**IT IS SO ORDERED.**

Entered this _5th_ day of _February_ 2009.

_____

Honorable William R. Wilson, Jr
UNITED STATES DISTRICT COURT JUDGE

AGREED TO AND APPROVED FOR ENTRY:


s/Michael J. Rusie
Stanley E. Graham (#019788)
Michael J. Rusie (#026010)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee  37219-1760
615-244-6380
Fax:  615-244-6804

Attorneys for Defendant BG Excelsior Limited Partnership
d/b/a The Peabody Little Rock


s/Paul Pfeifer
Paul Pfeifer
Attorney at Law
P.O. Box 7313
Little Rock, AR 72217
Telephone (501) 374-4440
Facsimile (501) 374-4446

John D. Coulter
James, Carter & Coulter, P.L.C.
Post Office Box 907
Little Rock , AR 72203-907
501-372-1414

Attorneys for Plaintiff

## **EXHIBIT A**

## **ACKNOWLEDGMENT OF ENTRY OF PROTECTIVE ORDER PERTAINING TO CONFIDENTIAL DOCUMENTS PRODUCED BY DEFENDANT**

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order filed in the United States District Court for the Eastern District of Arkansas, in the case of <u>Juanita Hogan v. BG Excelsior Limited Partnership</u>, Case No. 4:08-CV-00122, pertaining to confidentiality of documents produced by Defendant, and that he/she understands the terms thereof and agrees to be bound thereby.

_____
Signature

_____
Type or Print Name

_____
Date

2625521.1